UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LARBI SEMIANI,

          Plaintiff,

v.

U.S.A.,

          Defendant.

Case No. 3:19-cv-168-YY

OPINION AND ORDER

MOSMAN, Chief District Judge:

*Pro se* plaintiff Larbi Semiani has filed a "Motion – Petition" (ECF #2), which this court liberally construes as a complaint. Plaintiff also has filed an application for leave to proceed *in forma pauperis* (ECF #1), which this court granted on February 11, 2019. ECF #4. Under the *in forma pauperis* statute, the court is obligated to dismiss any case in which the complaint asserts claims that are frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissals on the basis that the complaint is frivolous or malicious "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Moreover, "[t]here is no abuse of discretion where a district court dismisses under [the *in*

1 – OPINION AND ORDER

*forma pauperis* statute] a complaint 'that merely repeats pending or previously litigated claims.'" *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)).

To state a claim for relief, a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." FRCP 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

Plaintiff's claims center around his inability to appear in two Los Angeles County state court cases because he has been denied a visa, which he claims is due to discrimination based on his race and nation origin. He seeks monetary damages against the United States for over $583,600.

Plaintiff has filed numerous actions in federal district courts across the country alleging the very same claims:

> Since 2005, Semiani has filed well over a dozen actions in federal courts in New York, the District of Columbia, California, Nebraska, and the Court of Federal Claims. All of these actions are based upon the same facts set forth in his current pleading and seeking essentially the same relief. Each have been promptly dismissed on various grounds, including Semiani's lack of standing to assert claims under federal criminal statutes, the sovereign immunity enjoyed by the United States, lack of subject matter jurisdiction to entertain a claim denying a request for an immigration visa, and failure to satisfy the minimum pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. In those instances where Semiani sought appellate review, these determinations were affirmed in every case. *Semiani v. United States*, No. 1: 09-cv-387 (D.D.C.), aff'd, No. 09-5130 (D.C. Cir. 2009); *Semiani v. United States Fed. Gov't.*, No. 2: 10-cv-

2 – OPINION AND ORDER

>6498 (C.D. Cal. 2010); *Semiani v. USA Federal Gov't.*, No. 1: 10-cv-9624 (S.D.N.Y. 2010), aff'd, No. 11-1268 (2d Cir. 2011); *Semiani v. U.S. Dept. of States*, No. 2: 12-cv-1726 (C.D. Cal. 2012); Semiani v. United States, No. 1: 12-cv-598 (C.O.F.C. 2012); *Semiani v. United States*, No. 1: 13-cv-217 (D.D.C.), aff'd, No. 13-5083 (2d Cir. 2013); *Semiani v. United States*, No. 8: 13-cv-205 (D. Neb. 2013); Semiani v. United States Dept. of State, No. 1: 13-cv-1180 (D.D.C. 2013); *Semiani v. United States*, No. 1: 14-cv-463 (D.D.C. 2014); *Semiani v. United States*, No. 1: 14-cv-875 (D.D.C. 2014), aff'd, 14-5198 (D.C. Cir. 2015); *Semiani v. United States*, No. 1: 15-cv-669 (D.D.C. 2015); *Semiani v. United States*, No. 1: 16-cv-2850 (S.D.N.Y. 2016).

*Semiani v. United States*, No. 16-1724, 2016 WL 6879574, at *1 (W.D. Pa. Nov. 22, 2016) (quoting *Semiani v. United States*, 5:16-cv-160, ECF No. 5 at 1-2 (E.D. Ky. May 25, 2016)). "The Public Access to Court Electronic Records service, www.pacer.gov, reflects that Semiani filed 19 cases in 6 district courts, and the U.S. Court of Federal Claims, since 2005. He pursued appeals before the Courts of Appeals for the D.C., Second, Sixth, and Federal Circuits." *Id.* at *1 n.1.

Plaintiff's complaint in this case is duplicative of the multiple cases he has filed in other jurisdictions. It is therefore frivolous and malicious. Moreover, despite the fact plaintiff has filed at least 19 cases in other federal district courts, he has failed to perfect a valid claim for relief. Plaintiff has been repeatedly advised that a federal court cannot review the denial of a visa. *See Semiani*, 2016 WL 6879574, at *3 (citing *Semiani v. United States*, 5:16-cv-160, ECF No. 5 at 3 (E.D. Ky. May 25, 2016)); *Semiani v. United States*, No. CIV. A. 09 0387, 2009 WL 498051, at *1 (D.D.C. Feb. 26, 2009), *aff'd*, 575 F.3d 715 (D.C. Cir. 2009); *Semiani v. United States*, No. 8:13CV205, 2013 WL 3994802, at *2 (D. Neb. Aug. 5, 2013). Plaintiff also has been advised that the United States generally enjoys immunity from suit, yet he has failed to identify any way in which the United States has waived immunity. *Semiani*, 2016 WL 6879574, at *3.

Despite being repeatedly advised of these deficiencies, plaintiff persists in filing the same law suit.[1] Because allowing plaintiff to amend would be futile, this case is dismissed with prejudice.

The court further certifies that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Good faith "in this context must be judged by an objective standard" and is "demonstrated when [the plaintiff] seeks appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). Here, an appeal would be frivolous for the same reasons that the underlying complaint is frivolous.

## CONCLUSION

This case is DISMISSED with prejudice and judgment shall be entered to that effect.

IT IS SO ORDERED.

Dated this 11 day of February, 2019.

Michael W. Mosman
Chief District Judge

---

[1] Other courts have even warned plaintiff that they "will not tolerate his filing of frivolous and malicious complaints" complaints, Semiani v. United States, No. 8:13CV205, 2013 WL 3994802, at *2 (D. Neb. Aug. 5, 2013), and that if he "persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action." Semiani v. United States, No. 3:17-CV-0080-L-BK, 2017 WL 9473082, at *2 (N.D. Tex. Jan. 31, 2017), report and recommendation adopted, 2017 WL 1395622 (N.D. Tex. Apr. 19, 2017).

4 – OPINION AND ORDER